Matthew BURDA, Plaintiff–Appellant,

v.

M. ECKER COMPANY, Defendant–
Appellee.

Nos. 90–1514, 90–2795.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 30, 1990.

Decided Jan. 21, 1992.

Elizabeth Dale, Kenneth N. Flaxman (argued), Ruth Stelzman, Cantena & Stelzman, Chicago, Ill., for plaintiff-appellant.

Robert J. Slobig (argued), McDermott, Will & Emery, Chicago, Ill., for defendant-appellee.

Richard A. Kimnach, Anesi, Ozmon & Rodin, Chicago, Ill., for amicus curiae Illinois Trial Lawyers Ass'n.

Gary R. Allen, Robert S. Pomerance, Kenneth L. Rosenberg, Dept. of Justice, Tax Div., Appellate Section, Washington, D.C., for amicus curiae U.S.

Before WOOD, Jr., COFFEY and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Matthew Burda was injured while working for the M. Ecker Company, and he filed a claim for benefits under the Illinois Worker's Compensation Act, Ill.Rev.Stat. ch. 48, ¶ 138.1, *et seq.* The parties agreed to settle the claim and executed a Lump Sum Settlement Contract and Order which was approved by the Illinois Industrial Commission. The total dollar amount of the settlement was $8,525.78. From this $1,705.16 was deducted for attorney's fees and $230.00 was deducted for a doctor's report and X-rays. The remainder, entitled "Amount of money Employee will receive," was $6,590.62.

Before issuing payment, M. Ecker's insurance carrier, Liberty Mutual Insurance Co., requested that Burda's attorney, Ruth Stelzman, furnish her taxpayer identification number. She refused. Liberty Mutual then delivered two checks to Stelzman. One check was for $6,590.62, made payable to Burda and Stelzman. The other was for $1,548.12, made payable to Stelzman. The latter amount represented the attorney's fees and the medical reimbursement, less a 20% reduction for federal withholding tax.

Liberty Mutual issued the latter payments in accordance with a private letter ruling it received prior to this case from the Internal Revenue Service. The letter ruling explains that payments of attorney's fees, when "fixed and determinable" and exceeding $600.00 in a single year, are reportable payments under § 6041 of the Internal Revenue Code. 26 U.S.C. § 6041. 26 U.S.C. § 3406 further provides that reportable income under § 6041(a) is subject to a backup withholding unless the payee furnishes a valid taxpayer identification number. *See* 26 C.F.R. § 1.604.1–1.

Stelzman returned both checks to Liberty Mutual, and requested that a check for full payment be issued to Burda alone. This demand was based on Stelzman's belief that Illinois law prohibited the issuance of separate checks to an injured employee and his attorney. After informing Stelzman that it was obligated to act in accordance with federal tax law, Liberty Mutual issued a check in the amount of $6,590.62 payable solely to Burda, which was accepted.[1] Liberty Mutual issued a check to Stelzman for $1,364.13, and offered to tender a second check to her for $341.03 (the attorney's fees withheld as backup withholding taxes) on receipt of her taxpayer identification number. Stelzman refused to provide her identification number and refused to accept the payments.

Burda filed suit in the Circuit Court of Cook County, by filing an Application for Judgment under Section 19(g) of the Illinois Worker's Compensation Act, Ill.Rev. Stat., ch. 48, ¶ 138.19(g). The complaint alleged that M. Ecker failed to "tender full payment pursuant to the Lump Sum Settlement Order." M. Ecker filed a response in state court and removed the case to federal district court pursuant to 28 U.S.C. §§ 1441(b) and 1446(a), asserting that Burda's purported state claim was in reality an artfully pleaded challenge to federal withholding tax statutes and regulations. M. Ecker moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief could be granted under the Internal Revenue Code. Burda moved to remand the case to state court.

The district court denied Burda's motion and determined that the action was a challenge to the withholding of taxes and was therefore removable. *See* 28 U.S.C. §§ 1441(a), (b), 1446(a). The court further found that the action failed to state a claim upon which relief could be granted because the exclusive remedy provided by the Internal Revenue Code for wrongfully withheld money is an action against the United States. *See* 26 U.S.C. § 7422. The action was dismissed.

M. Ecker moved for sanctions against Burda and Stelzman pursuant to either Rule 11 of the Federal Rules of Civil Procedure or Illinois Supreme Court Rule 137 (the state-law counterpart to Federal Rule 11). The district court awarded M. Ecker $9,478.75 in attorney's fees and $505.75 in costs pursuant to Rule 11.

Burda appeals the district court's finding of federal subject matter jurisdiction and dismissal of his action. He also appeals the court's imposition of sanctions and costs. We affirm the dismissal of the action, but remand the issue of sanctions to the district court for its reconsideration.

*Subject Matter Jurisdiction*

Burda argues that his action arose under the Illinois Worker's Compensation Act and therefore removal to federal court is barred by 28 U.S.C. § 1445(c).[2]

In order to determine whether Burda's claim was removable to federal court, we must examine the nature of the claim as a matter of federal law. Where there is no diversity of citizenship between the parties, the propriety of removal turns on whether the case falls within the original "federal question" jurisdiction of the United States district courts: "The district

---

1. Liberty Mutual later issued another check to Burda for $230.00 for the doctor's report and X-rays, which was also accepted.

2. 28 U.S.C. § 1445(c) provides:

A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Franchise Tax Board v. Construction Laborers Vacations Trust,* 463 U.S. 1, 8, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Lister v. Stark,* 890 F.2d 941, 943 (7th Cir.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990).

■ The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429. A case may not be removed to federal court on the basis of a federal defense the defendant might raise to defeat the plaintiff's claim. *Franchise Tax Board,* 463 U.S. at 12, 103 S.Ct. at 2847–48; *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430; *Lister,* 890 F.2d at 943; *Nelson v. Central Illinois Light Co.,* 878 F.2d 198, 202–03 (7th Cir.1989).

■ Although the plaintiff is generally considered the "master of his complaint," *Lister,* 890 F.2d at 943, this principle is not without limitation. An independent corollary to the "well-pleaded complaint rule" is the "artful pleading doctrine." *Franchise Tax Board,* 463 U.S. at 22, 103 S.Ct. at 2853. A plaintiff may not frame his action under state law and omit federal questions that are essential to recovery. *Id.; Marzuki v. AT & T Technologies, Inc.,* 878 F.2d 203, 207 (7th Cir.1989).[3] Therefore, a federal court may, in some situations, look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law. In these cases, we will conclude that a plaintiff's claim actually arose under federal law and is therefore removable.

■ Burda's complaint alleges that M. Ecker failed to "tender full payment pursuant to the Lump Sum Settlement Order." However, Liberty Mutual tendered full payment to Burda and twice attempted to tender payment of attorney's fees to Stelzman in accordance with an IRS private letter ruling.[4] As the district court noted, the amount actually tendered was only short of the total by the amount withheld for taxes on the attorney's fees. Therefore, Burda's challenge to Liberty Mutual's withholding of attorney's fees is in fact a challenge to federal income tax laws and regulations. As such, the action falls within the district court's original jurisdiction because it "arises under" federal internal revenue statutes. Therefore, 28 U.S.C. § 1445(c) does not bar removal.

■ In finding Burda's cause of action removable, the district court relied on the "complete preemption doctrine." *See Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430. Without addressing that determination,[5] we find that removal is justified on the basis that Burda artfully pleaded a state-law cause of action. *See Schweiker v. Hogan,* 457 U.S. 569, 585 n. 24, 102 S.Ct. 2597, 2607 n. 24, 73 L.Ed.2d 227 (1982) (appellate court may affirm district court judgment on any ground supported by the record), *cert. denied,* 478 U.S. 1007, 106 S.Ct. 3301, 92

---

**3.** A plaintiff also may not artfully omit facts that indicate federal jurisdiction. *Oglesby v. RCA Corp.,* 752 F.2d 272, 278 (7th Cir.1985). Here, Burda failed to mention in his complaint that Liberty Mutual withheld a portion of the attorney's fees based on its interpretation of an IRS private letter ruling.

**4.** Burda's argument that Illinois law prohibits the issuance of separate checks to an injured employee and his attorney has no merit and is not relevant to this case. Moreover, Burda's allegation that 100% of the attorney's fees have been withheld is beyond the pale. Liberty Mu-

tual twice attempted to tender 80% of the funds, and offered to tender the remaining 20% if Stelzman would provide her taxpayer identification number.

**5.** As the district court noted, thus far, the Supreme Court has found federal preemption only under § 302 of the Labor–Management Relations Act and § 502(a) of the Employee Retirement Income Security Act. *See Avco Corp. v. Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Metropolitan Life Ins. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

L.Ed.2d 715 (1986); *Martinez v. United Auto., etc., Local 1373,* 772 F.2d 348, 353 (7th Cir.1985).

*Dismissal*

■ We review a Rule 12(b)(6) dismissal *de novo. Lister,* 890 F.2d at 946; *Corcoran v. Chicago Park District,* 875 F.2d 609, 611 (7th Cir.1989). Burda's claim challenges federal income tax withholding regulations. 26 U.S.C. § 7422 provides that the exclusive remedy for a tax refund is an action against the United States. Since the United States is not a party to this action, Burda fails to state a claim upon which relief can be granted. *See Edgar v. Inland Steel Co.,* 744 F.2d 1276 (7th Cir.1984) (employees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability); 26 U.S.C. § 3403. The district court properly dismissed Burda's cause of action.[6]

*Sanctions*

■ The imposition of sanctions pursuant to Federal Rule 11 is reviewed under an abuse of discretion standard. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *TMF Tool Co. v. Muller,* 913 F.2d 1185, 1190 (7th Cir.1990); *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 933 (7th Cir.1989) (*en banc*). Although a district court's determination is given deference, it is still subject to appellate review. *TMF,* 913 F.2d at 1190.

Rule 11 prohibits the filing of pleadings that are not reasonably based in the law or in fact and forbids the filing of pleadings that are interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increased cost of litigation. *Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.,* 886 F.2d 1485, 1491 (7th Cir.1989); *Brown v. Federation of State Medical Bds.,* 830 F.2d 1429, 1434 (7th Cir. 1987).

We note initially that the district court did not have the benefit of our decision in *TMF,* 913 F.2d 1185, in imposing sanctions in this case. In *TMF,* we stated:

> An order granting or denying monetary sanctions against a party or an attorney issued under the provisions of Rule 11 is an appealable decision which constitutes a judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. Because such an order has the effect of a judgment when a monetary sanction is imposed, it is necessary that the district court's decision clearly specify *who is to pay the monetary sanction,* who is to receive the monetary sanction and the amount of the monetary sanction. Moreover, under Rule 58 of the Federal Rules of Civil Procedure, *a judgment is not effective until it is set forth on a separate document* and entered on the district court's civil docket.

*Id.* at 1188 (emphasis added).

■ Here, no judgment entry was made with regard to sanctions by the district court. We noted in *TMF,* however, this requirement is waived if the disposition by the district court was intended to be the final decision in the case. *Id.* at 1189. As in *TMF,* the case had been dismissed and the district court's award of sanctions was intended to conclude the proceedings. Therefore, the matter of sanctions is properly before us.

■ The fact that the award fails to specify who is to pay the sanctions creates a problem which cannot be disposed of as easily. Under Rule 11, "[u]nless an attorney who signed the offending court document is specifically identified for the imposition of sanctions, there can be no resulting judgment against him or her." *TMF* at 1189. M. Ecker requested sanctions against Burda and Stelzman for the complaint filed in state court which Stelzman had signed, but instead, the district court *sua sponte* considered sanctions

---

**6.** The district court also correctly noted that Burda would not be the proper plaintiff; the

claim for the withholding is Stelzman's.

based only on Burda's federal filings.[7] Although the district court specifically focused on Stelzman's motives in bringing this suit on behalf of Burda (noting that the original dispute was over $387.03, that in order to receive the full attorney's fees Stelzman only had to provide her taxpayer identification number, that Liberty Mutual informed Stelzman it was acting in accordance with federal tax laws, and that Stelzman's desire may be to under-report her income to the IRS), Stelzman could not be sanctioned under Rule 11 because another attorney signed the documents filed in federal court. *See Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989).

■ Although the decision of what constitutes an appropriate sanction rests within the sound discretion of the district court, *Kapco*, 886 F.2d at 1496, the court must strive to impose a sanction that fits the inappropriate conduct. *Brown*, 830 F.2d at 1439. The articulated considerations on which a court bases its award of sanctions must support the award. *TMF*, 913 F.2d at 1194.

■ The district court determined that Burda's failure to address M. Ecker's reliance on federal preemption law and the IRS private letter ruling in his response to M. Ecker's petition for removal and dismissal was unreasonable and frivolous. The petition alleged that Burda artfully pleaded his state-law cause of action and that the action must be dismissed because the exclusive remedy for the wrongful withholding of taxes is an action against the United States pursuant to 26 U.S.C. § 7422. The district court more fully raised the issue of federal preemption by interpreting M. Ecker's artful pleading argument as "simply another way of looking at the complete preemption doctrine."[8] In opposing the removal and dismissal, Burda argued that under the "well-pleaded complaint rule" removal was improper, but did not comment on the private letter ruling or directly respond to M. Ecker's discussion of § 7422. We agree that the response to M. Ecker's petition was somewhat unresponsive. But the district court's rationale for the use of Rule 11 sanctions is now attenuated given the present posture of this case. Stelzman cannot be sanctioned under Rule 11 because she did not sign any pleadings filed in federal court. Thus, the monetary sanctions imposed would run solely against Burda, who serves merely as a nominal plaintiff. We do not believe this was the intent of the district judge when he imposed sanctions amounting to attorney's fees of $9,478.75 and costs of $505.75.[9] There is little doubt that the target of the sanctions was Stelzman—whose personal interest in the litigation appeared to precipitate the actions for which sanctions were imposed. As it stands, the sanctions imposed do not reach the offending actor, and singling out Burda, a nominal party, for payment of a substantial sum of money

---

**7.** The district court obviously recognized that it could not have imposed Rule 11 sanctions for the state-court filing. The removal of the case to federal court by M. Ecker does not provide authority under Rule 11 for imposition of sanctions based on the complaint filed in state court. *See Schoenberger v. Oselka*, 909 F.2d 1086, 1087 (7th Cir.1990); *Dahnke Kelly & Haus v. Teamsters Local 695*, 906 F.2d 1192, 1201 (7th Cir. 1990); FED.R.CIV.P. 81(c) (the federal rules govern procedure in removed cases *after* removal). *Contra Herron v. Jupiter Transportation Co.*, 858 F.2d 332, 336 (6th Cir.1988).

**8.** However, the doctrines are not one and the same. The "artful pleading doctrine" is an independent corollary to the "well-pleaded complaint rule," and provides that a plaintiff may not frame his action under state law to omit federal questions that are essential to recovery. The "complete preemption doctrine" is also an independent corollary to the "well-pleaded complaint rule," *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2340, but provides that a state-law claim may be recharacterized as arising under federal law where Congress has completely preempted a given area of state law so that removal of the claim is proper. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 1547–48, 95 L.Ed.2d 55 (1987); *Franchise Tax Board*, 463 U.S. at 24, 103 S.Ct. at 2854.

**9.** Notwithstanding Rule 11, however, Rule 54(d) of the FED.R.CIV.P. permits the court to award costs "to the prevailing party" in an action, and when an action has been dismissed for failure to state a claim, the defendant is the prevailing party. *Lepucki v. Van Wormer*, 587 F.Supp. 1390, 1394 (N.D.Ind.1984), *aff'd per curiam*, 765 F.2d 86 (7th Cir.), *cert. denied*, 474 U.S. 827, 106 S.Ct. 86, 88 L.Ed.2d 71 (1985).

does not comport with the court's rationale for imposing sanctions. As to Burda, the Rule 11 sanctions are thus rendered excessive and we will remand the entire issue of sanctions to the district court for its reconsideration. Because the district court specifically relied on Rule 11 to impose sanctions, we do not consider the propriety of imposing sanctions against Stelzman under 28 U.S.C. § 1927. *See generally Walter v. Fiorenzo*, 840 F.2d 427 (7th Cir.1988).

For the foregoing reasons, the judgment of dismissal by the district court is AFFIRMED; and, the matter of the imposition of sanctions is REMANDED for reconsideration in accordance with this opinion.