**Laurence N. BELAIR, Plaintiff,**

**v.**

**Peter LOMBARDI, and in his individual capacity, Defendant.**

No. 93–901–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 3, 1993.

---

Brian Peter Battaglia, Battaglia, Ross, Hastings & Dicus, St. Petersburg, FL, Edwin B. Jagger, Law Office of Edwin B. Jagger, N. Redington Beach, FL, for plaintiff.

James Lawrence Yacavone, III, Paul Edward Berg, Anthony J. Griffith, Jeffrey H. Jirles, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Clearwater, FL, for defendant.

## ORDER ON PLAINTIFF'S MOTION FOR REMAND AND/OR ABSTENTION

KOVACHEVICH, District Judge.

This cause comes before the Court on a motion filed by the Plaintiff, Laurence N. Belair, for remand to the Circuit Court for the Sixth Judicial Circuit of Florida, and/or abstention.

This case was initiated by Plaintiff as a result of a related lawsuit concerning a zoning dispute in 1988. The parties to the original lawsuit filed in state court were the City of Treasure Island as Plaintiff, and Laurence N. Belair and Provident Management Corporation as Defendants. The City filed a claim for injunctive relief against Belair asserting violations of the city zoning ordinances. Belair filed a counterclaim against the City claiming civil rights violations under Title 42 U.S.C. § 1983.

The trial court ruled in favor of the City granting injunctive relief against Belair, and the Second District Court of Appeals reversed. 611 So.2d 1285. As a result of that decision, Belair filed the present action against Peter Lombardi, as the then and current City Manager of Treasure Island, for malicious prosecution. The complaint was filed in state court and was removed to this Court on Defendant's motion. Plaintiff timely filed a Motion for Remand and/or Abstention.

## DISCUSSION

In his complaint, Plaintiff presents several claims for damages pursuant to civil rights violations under the Constitution of the State of Florida and under the Constitution of the United States. Pursuant to 28 U.S.C. § 1331, "the District Court shall have original jurisdiction of all civil actions arising under the Constitution, the laws, or treaties of the United States." Thus, the federal court will have jurisdiction if the suit involves a federal question. However, "not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). A federal question only arises if the complaint substantially alleges a dispute or controversy regarding the validity, construction or effect of such a law. *Id.* at 111, 57 S.Ct. at 97.

In addition, certain conditions must be satisfied for a federal question to arise. The federal law must be an essential element of the plaintiff's cause of action, the federal question must be disclosed on the face of the complaint, and the federal question may not be inferred from a defense asserted or one expected to be made. *Id.* at 110, 111, 57 S.Ct. at 96–97. Furthermore, the federal question raised must be a substantial one. *Hagans v. Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974).

By alleging damages pursuant to 42 U.S.C. §§ 1983 and 1988 on the face of his complaint, and violations of certain procedural and substantive due process rights under the Constitutions of the United States and the state of Florida throughout the body of his

complaint, Plaintiff clearly has satisfied two of the conditions required for establishing federal jurisdiction. However, in this case, the federal question raised is not an essential element of Plaintiff's cause of action.

■ Removal is proper where the real nature of the claim asserted is federal; but, where Plaintiff has a choice of relying on state law and does so rely, removal is not warranted. *Ashley v. Southwestern Bell Telephone Co.,* 410 F.Supp. 1389, 1392 (W.D.Texas 1976). In the present case, Plaintiff has alleged the same violations of procedural and substantive due process rights under both the United States and Florida Constitutions, and thus has a choice of relying on state law for the relief which he seeks. Therefore, the federal claims are not an essential element of Plaintiff's cause of action.

■ In the alternative, there are certain instances where abstention is appropriate. Plaintiff has alleged that abstention is appropriate in this case under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Abstention under *Younger* is appropriate when there are ongoing state proceedings which are judicial in nature, the state proceedings implicate important state interests, and the state proceedings afford an adequate opportunity to raise federal claims. *Schall v. Joyce,* 885 F.2d 101, 106 (3d Cir. 1989).

Plaintiff is correct in his assertion that Federal Courts invoke the abstention doctrine when important issues of comity and equity are in question. Moreover, as explained by the Supreme Court, "*Younger* and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances ..." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431–32, 102 S.Ct. 2515, 2520, 73 L.Ed.2d 116 (1982).

■ Indeed, in the instant case, Plaintiff has stated that there is an ongoing state proceeding in which the taking of private property and violations of civil rights claims pursuant to 42 U.S.C. § 1983 are presently pending. That would further indicate that the state proceedings implicate important state interests, and have afforded the plaintiff an adequate opportunity to raise his federal claims. Thus all of the elements required for a *Younger* abstention are satisfied.

■ However, abstention under the *Younger* doctrine properly results in a dismissal or stay of the case, not a remand. *See Sendlewski v. Town of Southhampton,* 734 F.Supp. 586 (E.D.N.Y.1990) (court refused to exercise jurisdiction on the basis of *Younger,* and dismissed the action); *World Famous Drinking Emporium, Inc. v. City of Tempe,* 820 F.2d 1079 (9th Cir.1987) (trial court dismissed claim on the basis of *Younger,* affirmed by appellate court). Since Plaintiff has asserted his taking and civil rights violations claims under 42 U.S.C. §§ 1983, 1988 in a pending state court proceeding, the Plaintiff has an adequate opportunity to have his federal claims adjudicated. Therefore, in light of the principles of comity and the interests of judicial economy, Plaintiff's complaint should be dismissed. Any other conclusion would result in piecemeal litigation.

Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Remand is **DENIED,** Abstention is **GRANTED,** and the case **DISMISSED.**

**DONE** and **ORDERED.**