Laurence N. BELAIR, Plaintiff,

v.

Peter LOMBARDI, in his individual capacity, Defendant.

No. 93–901–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

Nov. 12, 1993.

Brian Peter Battaglia, Battaglia, Ross, Dicus & Wein, St. Petersburg, FL and Edwin B. Jagger, Law Office of Edwin B. Jagger, N. Redington Beach, FL, for plaintiff.

James Lawrence Yacavone, III, Paul Edward Berg, Anthony J. Griffith and Jeffrey H. Jirles, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Clearwater, FL, for defendant.

### ORDER ON PLAINTIFF'S MOTION TO ALTER, AMEND, CLARIFY OR CORRECT JUDGMENT

KOVACHEVICH, District Judge.

This cause comes before the Court on a motion to Alter, Amend, Clarify or Correct Judgment, filed by Plaintiff on August 13, 1993 and Defendant's response filed September 15, 1993.

■ A motion to clarify an order as to the court's intent regarding the continuation of state court proceedings is considered a motion to alter or amend the judgment, under Rule 59(e), Federal Rules of Civil Procedure. *Birdsong v. Wrotenbery*, 901 F.2d 1270 (5th Cir.1990). A motion to alter or amend a judgment is permissible in cases, as the one now before the Court, which have been resolved through an order of dismissal. *Roque v. City of Redlands*, 79 F.R.D. 433 (C.D.Cal.1978). The decision to alter or amend a judgment is left to the sound discretion of the district court. *Leigh v. Engle*, 723 F.Supp. 1272 (N.D.Ill.1989).

The Plaintiff in this action essentially requests the clarification of an order previously entered by this Court in the above captioned matter 828 F.Supp. 50. This Court, through its order entered on August 3, 1993, abstained from accepting jurisdiction, denied the request for remand of the action to state court, and dismissed the case. The Court's decision was based on the doctrine of abstention defined by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Plaintiff asserts, in his motion presently before the

Court, that the Court's order of August 3, 1993 may be misconstrued by the state court. According to Plaintiff, the clarification of that order is necessary in order to avoid potential confusion, prejudice or improper use or interpretation. Plaintiff is concerned that the language used by the Court in the August 3, 1993 order may be used by Defendant to bar Plaintiff from pursuing the same claims in state court. Although Defendant has indicated, in his response to Plaintiff's motion, that he has not, and has no intention of using the Court's holding in that manner, the Court will oblige Plaintiff by refining the previous holding.

■ Plaintiff's concern is based on the language used by the Court in its order dismissing the complaint. The language used by the Court, on page 5 of the decision reads as follows:

> "Since Plaintiff has asserted his taking and civil rights violations claims under 42 U.S.C. 1983, 1988 in a pending state court proceeding, the Plaintiff has an adequate opportunity to have his Federal claims adjudicated. *Therefore, in light of the principles of comity and the interests of judicial economy, Plaintiff's complaint should be dismissed.* Any other conclusion would result in piecemeal litigation. Accordingly, it is ordered that Plaintiff's Motion for Remand is DENIED, abstention is GRANTED, *and the case DISMISSED.* (emphasis added)

Plaintiff wishes to have the above language clarified to show that Plaintiff is not barred from bringing those claims against Defendant Lombardi in state court. Plaintiff cites to *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), in support of this contention.

In *Gibson*, the United States Supreme Court clearly indicated that the abstention doctrine set out in *Younger* contemplates the presentation of *all* state and federal claims to the state court. *Gibson*, 411 U.S. at 577, 93 S.Ct. at 1697. Since this Court abstained from hearing Plaintiff's claims based on the *Younger* doctrine, it is clear that the Court intended for all of those claims to be presented to the state courts. Therefore, the Au-

**700**

gust 3, 1993 order of this Court, dismissing the Plaintiff's cause of action, was not intended to bar Plaintiff from the pursuit of those claims in state court. Accordingly, it is

**ORDERED** that Plaintiff's motion for clarification is **granted,** and the August 3, 1993 order by this Court in the above captioned matter is clarified to indicate that such order of dismissal was not intended by the Court to bar Plaintiff from pursuit of those claims in state court.

**DONE and ORDERED.**