129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael M. ARVIN, individually and as personal
representative of the Estate of Paul E. Arvin,
deceased, Plaintiff-Appellant,
GO GO INVESTMENT CLUB, a general partnership; Otto
Albright, President; Linda Blum, Treasurer; Regina Korry,
Auditor; Sandy Moore, Secretary; Phillip Arvin; Karen
Brittain; June Lucia; Margaret Axley; Robert Coleman;
Margaret Dal Porto; P.R. Hirsh; David Ashukian; James Dal
Porto; Jay Hale; James Laird; Peter Dal Porto; Robert
Irwin; Rita Guiliani; Kenneth Albright; Craig O'Connor;
Mary Bravo; Mary Dal Porto; William Arnold; P.R. Hirsch,
Jr.; Karen Laui; Deborah Milau; Sean Nelson and Albert
Gottlieb, Defendants-Appellees.
 No. 97-15307.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 7, 1997**
Decided November 13, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of California Fern M. Smith, District Judge, Presiding
 
 
 2
 Before GOODWIN and T.G. NELSON, Circuit Judges, and RHOADES*, District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Michael Arvin, both in his individual capacity and as a representative of his father's estate, has sued the Go Go Investment Club partnership and its partners for mishandling its tax affairs. At the heart of his allegations are claims of negligence and breach of fiduciary duty. The district court dismissed the suit for lack of subject matter jurisdiction. Arvin filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 5
 WE review a dismissal for lack of subject matter jurisdiction de novo. Evans v. Chater, 110 F.3d 1480, 1481 (9th Cir.1997).
 
 
 6
 Arvin makes four arguments for subject matter jurisdiction. First, the Internal Revenue Code (the "Code") creates an express private cause of action. Second, the Code creates an implied cause of action. Third, his case necessarily turns on the construction of the Code. Fourth, the Code completely preempts the application of state law. None of these arguments has merit.
 
 
 7
 Arvin claims that Sections 6672(d) and 7434 of the Code create express private causes of actions in this case. See 26 U.S.C. §§ 6672(d), 7434. Unfortunately for Arvin, these Sections of the Code are fully specified and do not reach his case. Recognizing this, he asserts that there is no policy reason not to interpret these provisions expansively to reach his case.
 
 
 8
 The Supreme Court has repeatedly emphasized that "[w]hen ... the terms of a statute [are] unambiguous, judicial inquiry is complete, except in rare and exceptional circumstances." Rubin v. United States, 449 U.S. 424, 430 (1981) (internal quotations and citations omitted). Arvin has not identified any such exceptional circumstances here. Accordingly we reject Arvin's invitation to interpret these Code sections broadly and find that they do not create an applicable express private cause of action.
 
 
 9
 Arvin also claims that the Code, through Sections 7434, 6672 and 6221-33 (relating to audit procedures for partnerships), "necessarily and implicitly recognizes the right of the partners to recover inter se for the [tax matters partner's] negligence or willful disregard." We agree with the district court's analysis that there is no such implied cause of action here.
 
 
 10
 The Supreme Court has articulated a four part test to determine whether a statute creates an implied cause of action. Cort v. Ash, 422 U.S. 66 (1975). A court asks: (1) is the plaintiff one of the class for whose "especial benefit" the statute was enacted, (2) does the legislative history create or deny such a remedy, (3) is an implied cause of action consistent with the purposes of the legislative scheme and (4) is the cause of action one so traditionally relegated to state law that "it would be inappropriate to infer a cause of action based solely on federal law?" Cort, 422 U.S. at 78.
 
 
 11
 The district court correctly ruled that there is no implied cause of action in this case. ER at 17. As the district court reasoned, Arvin fails to show that he is a part of a class for whose especial benefit the Code was created. ER at 17. The government, not Arvin, is the beneficiary of a statute generating revenue for the government. See Spilky v. Helphand, 1993 WL 159944 (S.D.N.Y.1993) (Withholding provisions of the Code are for the government's benefit, not the employee's.). As for legislative intent, Arvin asserts that the recent additions of Section 7434 and 6672 show legislative intent to create private causes of action. The defect in this assertion, however, is that these narrowly drawn Sections do not reach his situation and are accordingly silent. Nothing in these Sections suggests that Congress intended to create a general federal cause of action when someone's violation of reporting requirements harms a third party. We, like the district court, consider this analysis of the first two factors in the Cort test dispositive. There is no implied cause of action here.
 
 
 12
 Arvin further contends that the construction of the Code is so central to this case that the district court has subject matter jurisdiction. This court has held that to show that there is a federal question, the complaint must "present[ ] a substantial dispute over the effect of federal law, and the result [must[ turn[ ] on the federal question." Berg v. Leason, 32 F.3d 422, 423 (9th Cir.1994) (internal quotations and citations omitted).
 
 
 13
 Arvin's case presents no such "substantial dispute." He alleges that the defendants were negligent and/or willfully breached sections of the Code. Presumably, the meaning of these Code sections as applied to this case should be relatively clear, otherwise the defendants were not negligent in not complying. Thus, this case would not call upon a state court to resolve complicated questions of the interpretation of federal law. Even if it did, the Supreme Court has stated that the federal interest in keeping cases in federal court to ensure uniform interpretation "is considerably mitigated by the fact that ... this Court retains power to review the decision of a federal issue in a state cause of action." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 816 (1986).
 
 
 14
 Finally, Arvin argues that the Code completely preempts state court jurisdiction. He claims that because his state law claims cannot be proven without establishing a duty created by the Code, the Code completely preempts state law. He also cites the district court decision, Burda v. Ecker Company, 1990 WL 17075 (N.D.Ill.1990) aff'd on other grounds 954 F.2d 434 (7th Cir.1992), which found that "there is no question but that the plaintiff's state-law cause of action, as alleged and argued, falls within the Internal Revenue Code's preemptive field." Id. at * 7. But see Burda, 954 F.2d at 438 (expressly not addressing the district court's ruling on complete preemption).
 
 
 15
 Arvin's argument for complete preemption fails as there is no federal cause of action. This court has held that "to remove a state law claim to federal court under the complete preemption doctrine, federal law must both completely preempt the state law claim and supplant it with a federal claim." Young, v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir.1987). We have already concluded that no federal cause of action exists in this case. Therefore, on this matter, the Code does not completely preempt state law.
 
 
 16
 Moreover, Arvin's reliance on the district court opinion in Burda is misplaced. The Burda case involved one private party suing another for improperly withholding too much money. The Code creates specific procedures for claiming refunds, and the suit must be brought against the United States. See Burda, 1990 WL 17075, * 6-7; 26 U.S.C. § 7422(f). In contrast, no such procedures exist for the allegations of negligence and breach of fiduciary duties made in this case. Accordingly, Burda provides no support for Arvin's claims of subject matter jurisdiction.
 
 
 17
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3