GREATER JACKSONVILLE TRANS-
PORTATION COMPANY, a Florida
Corporation, a/k/a Yellow Cab, Plaintiff,

v.

THE JACKSONVILLE PORT
AUTHORITY, a/k/a Jaxport,
Defendant.

No. 98–403–CIV–J–16 (A).

United States District Court,
M.D. Florida,
Jacksonville Division.

July 13, 1998.

**1312**

Kevin Schaun Sanders, Jacksonville, FL, for Plaintiff.

Richard A. Mullaney, Ernst D. Mueller, General Counsel's Office, Jacksonville, FL, for Defendant.

### ORDER

JOHN H. MOORE, II, Senior District Judge.

This case is before the Court on Defendant's *Notice of Removal* (Doc. # 1); Plaintiff's *Motion to Remand Case Back to State Court* (Doc. # 5); Response to Plaintiff's *Motion to Remand Case Back to State Court and Incorporated Memorandum* (Doc. # 7). The Court hereby remands this Case to State Court.

### I. Background

The Plaintiff in this case is the Greater Transportation Company of Jacksonville, more commonly known as the Yellow Cab company ("Yellow"). Yellow complains that Defendant, Jacksonville Port Authority ("Jaxport"), a municipal corporation of Florida responsible for the running of Jacksonville International Airport ("JIA"), failed to follow the proper bid process for licensing of car for hire service at JIA. Yellow complains that Jaxport originally licensed Gator City Taxi as the sole provider of car for hire services at JIA and that when the original contract between Jaxport and Gator Cab expired, the contract was not properly put up for bid. Instead, Jaxport allegedly in violation of various Florida laws continued the contract with Gator Cab. Yellow then brought suit in state court alleging that it had been harmed by this alleged violation. Jaxport removed the case to this Court.

### II. Removal under 28 U.S.C. § 1441

The United States Code provides in 28 U.S.C. § 1441(b), "Any civil action of which the district courts have original jurisdictions founded on a claim or right arising under the Constitution ... of the United States shall be removable without regard to the citizenship or residence of the parties." In this instance, the Defendant claims that the Plaintiff's complaint is partially grounded on the United States Constitution and is therefore removable under § 1441. Plaintiff's complaint specifically states:

5. This is a claim for declaratory relief pursuant to Chapter 86 of Florida Statutes.

6. After properly placing such up for bid in accordance with the Florida Statutes, the Defendant entered into a taxi-cab/shuttle franchise agreement with the Jaxport Express, Inc., a/k/a Gator City Taxi, on or about October 2, 1992 .... The term of said agreement was for a period of three years, granting Gator City Taxi exclusive license for passenger transportation from the Jacksonville International Airport.

7. Such exclusive franchise agreement is a restraint of free trade, is beyond the powers of the Defendant as granted by the Florida Statutes, is over-reaching and overly broad in accordance with the Florida Statutes, is illegal under the Sunshine Law, and is unconstitutional with regards to the United States Constitution and its amendments thereto.

The Defendant in this case points to the fact that the Plaintiff has claimed that the franchise agreement at issue, "is unconstitutional with regards to the United States Constitution and its amendments thereto" as supporting a federal question. The Defendant then claims that because a federal question is allegedly presented, the case is suitable for removal under § 1441.

In response to the Removal Notice filed by the Defendant, the Plaintiff filed its *"Motion to Remand Case Back to State Court"*. The Defendant claims that the federal constitutional reference created mere "undertones" of violations of the Constitution. The Plaintiff then goes on to cite Florida state law as giving rise to the Plaintiff's right to choose the venue in which he tries his case, i.e. federal or state court. The *Memorandum in Support of the Plaintiff's Motion* states, in its entirety:

Plaintiff would refer this Honorable Court to Florida Statute Section 286.011 and Chapter 86 which govern. At the time of this motion, Plaintiff has not found cases on point but will supplement this memorandum upon further research.

The Court would point to the fact that had Plaintiff finally decided to do some research and wished to supplement its memorandum, it would have violated the Local Rules of this District, specifically Rule 3.01(b).

### A. Removal Generally

The Supreme Court noted, at least as far back as 1894, that the jurisdiction of the federal court must appear upon the face of the plaintiff's pleading. *State of Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 461, 14 S.Ct. 654, 38 L.Ed. 511 (1894). This proposition continues to be valid today and is generally stated with reference to the "Well Pleaded Complaint Rule" derived from *Louisville & Nashville Railroad v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *See also Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)(discussing *Mottley* and its continuing applicability); *Wolff v. Archibald,* 14 F. 369 (Minn.Cir.1882)(discussing certainty of federal jurisdiction). It has been noted that the Well Pleaded Complaint rule is more useful in defining when jurisdiction is present than in establishing when jurisdiction is not present. *T.B. Harms Co. v. Eliscu,* 339 F.2d 823 (2d Cir.1964).

■ The time for determining whether a federal question appears which is sufficient to remove a case is at the time of the petition for removal. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983)(quoting *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939)). Furthermore, the presence of a federal law defense is insufficient to create a removable question of federal law. *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

### B. Removal Avoidance

■ Generally, the Plaintiff is the master of his complaint and as such, if the Plaintiff chooses to ground his complaint solely in state law, then the action is not usually removable. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). There are two exceptions to this general rule.

■ The first exception centers on the issue of when a plaintiff has filed a complaint grounded in state law for the sole purpose of avoiding the federal courts. That is, but for the manner of the plaintiff's pleading, the issue presented is one which properly should be in the federal courts. An illustration of this is presented by *Avco Corp. v. Aero Lodge No. 735, Int'l Assn. Of Machinists,* 376 F.2d 337 (6th Cir.1967), *aff'd,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), the facts of which the Supreme Court favorably examined in *Franchise Tax Board,* 463 U.S. at 23, 103 S.Ct. 2841. In *Avco* the plaintiff filed a breach of contract claim complaining that a union had failed to arbitrate a dispute pursuant to an employment contract. The Supreme Court ultimately stated that the case was, in fact, one controlled by the Labor Management Relations Act of 1947, a federal issue. The Court thereupon decided that it was proper for a federal court to exercise jurisdiction in such situations.

■ This federal question analysis is referred to as "complete preemption". Where Congress has legislated in an area in which their clear intention was to federalize the entire area of the law, then even if the plaintiff were to seek purely state-based redress, the federal court may find a federal question. Complete preemption is atypical here.

■ The second exception to the plaintiff as master of his complaint idea is the "Artful Pleading Doctrine" in which the plaintiff has stated a cause of action in his complaint in such a manner so as to avoid the plain statement of a federal cause of action. *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). A plaintiff is said to have used "artful pleading" in order to avoid federal jurisdiction in those cases where the pleading is couched in purely state issues but, by implication, substantial issues of federal law must necessarily be decided in order to decide the case. An example of artful pleading

**1314**

is presented by *Burda v. M. Ecker Company,* 954 F.2d 434 (7th Cir.1992). In *Burda* the court pointed to the fact that although the plaintiff had couched the complaint in terms of breach of contract, the real complaint involved the settlement of a federal income tax question. The *Burda* defendant refused to pay a lump-sum settlement because plaintiff's counsel refused to provide her taxpayer I.D. number for the purposes of the defendant withholding 20% of the attorney's fee portion of the lump sum payment for tax purposes. The court stated that plaintiff's failure to plead the income tax law issue, which would necessarily have to be settled before judgment could be reached on the case, was mere artful pleading and as such the federal court had jurisdiction for removal purposes. *See also Four Way Plant Farm v. NCCI,* 894 F.Supp. 1538 (N.D.Al.1995)(discussing artful pleading doctrine and its "two" types).

## C. Ambiguous Removal Jurisdiction

██ The case at bar is the converse of the usual question presented in this jurisprudential area. In this case the question is: If a plaintiff brings a complaint in state court alleging predominantly state law issues, but which also pleads a vague federal issue, is that sufficient to create federal jurisdiction? The Court refers to these issues as "ambiguous federal questions." The Fifth Circuit, in 1942, stated:

> Not every question of federal law emerging in a suit is the basis of the suit. Even an action that takes its origins in the laws of the United States is not necessarily one arising under those laws. It must really and substantially involve a controversy respecting the validity or construction of such laws, and the determination of the cause must depend upon such validity or construction.

*Armstrong v. Alliance Trust Co. Ltd.,* 126 F.2d 164, 167 (5th Cir.1942). The Eleventh Circuit adopted Fifth Circuit precedent in *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981). Other courts have examined this issue. One court stated:

> It is equally clear that the federal question, to confer jurisdiction on the federal District Court, must be real and substantial, not colorable or frivolous. The federal

question must really appear not by mere inference or suggestion....And the federal question must be an essential or integral part of the plaintiff's case. Mere references to the federal Constitution, laws or treaties and mere assertions that a federal question is involved are not sufficient to confer jurisdiction. The federal courts have been vigilant to protect their jurisdiction against cases in which the alleged federal question is purely fictitious. [internal citations omitted].

*McCartney v. State of West Virginia,* 156 F.2d 739, 741 (4th Cir.1946); *See Ashley v. Southwestern Bell Telephone Company,* 410 F.Supp. 1389 (W.D.Tex.1976)(discussing inadequacy or a mere reference to the Federal Constitution to invoke federal jurisdiction); *See also Belair v. Lombardi,* 828 F.Supp. 50 (M.D.Fla.1993)(discussing mere references to federal causes of action and abstention doctrine), *clarified,* 151 F.R.D. 698 (M.D.Fla. 1993); *Chambers–Liberty Counties Navigation District v. Parker Brothers & Co.,* 263 F.Supp. 602 (S.D.Tex.1967)(discussing the necessary "essential nature" of the federal claim).

Discussions of ambiguous questions have been noticeably absent in contemporary cases. It is clear in older case law that the circuit courts considered it appropriate to carefully examine the alleged basis' of jurisdiction. Furthermore, the twin doctrines of "artful pleading" and "complete preemption" indicate the continuing vitality of federal court discretion in looking at the true nature of the cases *sub judice.* The federal courts have always been avid protectors of the jurisdictional ramparts of the federal courts.

## III. Discussion

██ In the case at bar the Defendant claims removal is proper because the Plaintiff has included in his complaint a reference to the Federal Constitution. The Plaintiff responds that this complaint of violation of the Constitution is a mere "undertone" of the entire case. The Court believes that the simple reference is a result of careless pleading and is the type of complaint that the Fifth Circuit was referring to in *Armstrong.*

A case in order to be subject to federal jurisdiction, "must really and substantially involve a controversy respecting the validity or construction of such [federal] laws, and the determination of the cause must depend upon such validity or construction." *Armstrong*, 126 F.2d at 167. The case at bar will not be resolved under federal constitutional analysis. The case will instead stand or fall under state law. The Court does not dispute the fact that the Federal Constitution will, as a matter of course, be present in this case when it is remanded to the state court. This presence, however, is more in the nature of a backdrop to the critical issues presented in the case, that is, the case dispositive issues. The case dispositive issues in this case are quite clearly state issues.

The state courts are quite capable of deciding issues under their own state laws and the use of a vague federal issue in order to escape that state specialization is both a waste of federal judicial resources and also a perversion of federal jurisdiction that the Court is unwilling to abet. The Court thinks that those cases which present themselves as federal questions, because on their face they make furtive grabs at federal issues, are insufficient to yield federal jurisdiction. This case is **REMANDED**.

It is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Remand is **GRANTED** and this case is **RE-MANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.