IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30808
Summary Calendar

_____

MARK JOHNSON,

                                        Plaintiff-Appellant,

versus

SOUTHERN FARM BUREAU LIFE INSURANCE;
SOUTHERN FARM BUREAU CASUALTY
INSURANCE COMPANY; LOUISIANA FARM
BUREAU MUTUAL INSURANCE COMPANY;
LOUISIANA FARM BUREAU CASUALTY
INSURANCE COMPANY,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for
the Middle District of Louisiana

(D.C. No. 98-CV-204-B-M1)

_____
April 10, 2000

Before REAVLEY, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

       Appellant Mark Johnson brought this suit in state court, seeking class action status

on behalf of himself and similarly situated "employees" of the defendants. Johnson

alleged that the defendants mischaracterized himself and others as independent

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

contractors, when in fact they were employees, with the result that they paid federal self-employment taxes, rather that the lower FICA tax imposed on employees. Both self-employment and FICA taxes fund federal social security programs, but the FICA tax is only half the amount of the self-employment tax since employers must match the FICA tax. Johnson later withdrew the class action allegations. He alleged as damages the difference between the amount of self-employment taxes he paid and the amount he should have paid in FICA taxes as an employee.

The defendants removed the case to federal district court. On appeal, Johnson complains that the district court erred in denying his motion to remand, and erred in dismissing the suit on the merits.

The district court correctly ruled that the suit was barred under applicable federal tax law. Under Section 7422(a) of the Internal Revenue Code, 26 U.S.C. § 7422(a), "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary . . . ." Section 7422(f)(1) provides that "[a] suit or proceeding referred to in subsection (a) may be maintained only against the United States . . . ." We have held that Section 7422 "protects from lawsuits private entities . . . that are required by statute to collect taxes for the government under threat of criminal penalty for failure to do so." Sigmon v. Southwest Airlines Co., 110 F.3d 1200, 1203 (5th Cir. 1997). In Sigmon we further explained:

> Although the collection may ultimately have been erroneous, the Internal Revenue Code provides the exclusive remedy for the erroneous or illegal collection of taxes: The taxpayer may file an administrative claim for a refund with the IRS. If the IRS does not return the erroneously or illegally collected tax, the taxpayer may then resort to the courts. But under Section 7422, the proper defendant in such a suit is the United States, not

2

> [the private defendant]. The exclusive remedy provided by the Internal Revenue Code thus preempts the appellants' state-law claims against a private entity.

Id. at 1204.

In Sigmon, we affirmed a summary judgment against a plaintiff seeking a refund from a private defendant of sums which plaintiff claimed were erroneously collected by the defendant as excise taxes. Because Johnson similarly sought recovery from a private entity, the suit was properly dismissed. See also Brennan v. Southwest Airlines Co., 134 F.2d 1405, 1412 (9th Cir. 1998); Kaucky v. Southwest Airlines Co., 109 F.3d 349, 351-53 (7th Cir. 1997); Burda v. M. Ecker Co., 954 F.2d 434, 439 (7th Cir. 1992). While the facts of the pending case are not identical to those presented in these cited cases, we are satisfied that Johnson's state law claims must likewise fail, since the essence of his claims is that he overpaid federal social security taxes, taxes that should have been split between himself and his alleged "employer." Like the plaintiff in Sigmon, Johnson attempted to pursue a class action, in state court, against a private defendant, to recover a sum representing federal taxes he and other putative class members had paid. Hence, his suit is properly characterized as one for "recovery" of a tax "alleged to have been erroneously or illegally assessed or collected" under the plainly expansive language of Section 7422(a).

Because federal law provides the exclusive remedy for the overpayment of federal taxes, the district court also correctly ruled that the case was removable to federal court. Under the well-pleaded complaint rule, a case does not arise under federal law and is not removable on grounds of federal question jurisdiction if the complaint on its face asserts only state law causes of action. See Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998). However, under the "artful pleading" exception or corollary to this rule, a court

3

"may uphold removal even though no federal question appears on the face of the plaintiff's complaint. The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." Id.

We conclude that Section 7422 is an example of such complete preemption. Federal law provides the exclusive remedy for an alleged overpayment of taxes, Johnson has no legitimate state cause of action against his alleged employer, and his suit was properly removed under the artful pleading doctrine. See Brennan, 134 F.3d at 1412; Burda, 954 F.2d at 438; see also Kaucky, 109 F.3d at 351 ("When federal law creates an exclusive remedy for some wrong, displacing any remedy that the states may have created for it, a suit to redress that wrong necessarily arises under federal law.").

For these reasons, we agree with the rulings below, and need not address appellees' other grounds for affirming the district court.

AFFIRMED.