**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2095
_____

MICHAEL WIGGINS,
                                        Appellant

v.

JEFFERSON EINSTEIN HOSPITAL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-24-cv-00051)
District Judge: Honorable Mitchell S. Goldberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 9, 2024
Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Opinion filed: December 11, 2024)
_____

OPINION[*]
_____

PER CURIAM

Michael Wiggins appeals pro se from the District Court's order dismissing,

pursuant to the Federal Rule of Civil Procedure 12(b)(6), his amended complaint brought

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

against Jefferson Einstein Hospital.[1] For the reasons that follow, we will affirm that judgment.

## I.

Wiggins previously filed suit under Title VII against Jefferson, where he once worked as a security guard. The parties entered into a settlement agreement in 2022 in which Jefferson agreed to pay Wiggins "$37,000, less all applicable withholding taxes based on Wiggins' most current IRS W-4 form on file with Einstein and other deductions required by law . . . reported on IRS Form W-2." Complaint at 8.[2] The payment Wiggins eventually received in 2023 was only $20,670.49 because, in addition to other taxes, Jefferson withheld $11,967.21 in federal taxes. When he demanded the money back from Jefferson, its attorneys told him that it was withheld "in accordance with tax regulations." Id. at 3. He responded by emailing them "a copy of the PA tax calculations showing what the correct numbers should have been." Id.

Wiggins then commenced this pro se lawsuit[3] against Jefferson, alleging breach of contract because Jefferson's federal tax withholding from his settlement check was

---

[1] Though in the settlement agreement the hospital was referred to as "Einstein," consistent with Appellee's conventions, we will refer to the hospital as "Jefferson" for the remainder of this opinion.

[2] Because this case was adjudicated at the motion-to-dismiss stage, we accept the allegations in Wiggins' amended complaint as true and view them in the light most favorable to him. See Mator v. Wesco Distrib., Inc., 102 F.4th 172, 178 (3d Cir. 2024). We also may "consider documents integral to or explicitly relied upon in [that pleading]." Id. (quotation marks omitted).

[3] The suit was originally filed in state court. Jefferson subsequently removed it to the Eastern District of Pennsylvania based on federal question and supplemental jurisdiction,

"neither required by law nor based on any W-4 form filed by [Wiggins]." Id. at 2. In support of this assertion, he attached a printout from an unspecified internet "Income tax calculator Pennsylvania," id. at 15, which according to Wiggins, "show[s] that the gross $37,000.00 settlement award (without exemptions) should have resulted in a net sum of $30,331.00." Id. at 2. He asserts that he cannot request this money back from the IRS because he currently owes the agency back taxes. He also makes a claim of fraudulent misrepresentation, asserting that the Jefferson attorney's statement that the money was withheld in "accordance with tax regulations" was "fraudulent and materially false." Id. at 3. His complaint demands the full amount of federal taxes withheld[4] as compensatory damages, as well as $100,000 in punitive damages.

Jefferson moved for dismissal of Wiggins' amended complaint pursuant to Rule 12(b)(6) and Rule 11 sanctions against Wiggins. On May 16, 2024, the District Court granted the motion to dismiss and dismissed the action, denied Rule 11 sanctions, and directed the District Court Clerk to close the case. This timely appeal followed.[5]

II.

at which point Wiggins filed an amended complaint.

[4] The complaint repeatedly refers to "$11,962.00" as the amount of federal taxes withheld, (See ECF No. 5 at 2, 4, 5.) even though the W-2 for the settlement award he attaches to the complaint indicates that in fact $11,967.21 was withheld for federal taxes. This discrepancy does not affect our analysis.

[5] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We exercise plenary review over a district court's grant of a motion to dismiss pursuant to [Rule] 12(b)(6)." Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021).

Wiggins' breach of contract claim alleges that Jefferson wrongfully collected federal taxes from him. This seats it squarely within the scope of 26 U.S.C. § 7422, which "places restrictions on tax-refund lawsuits and preempts state-law claims." Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 67 (3d Cir. 2008). More specifically, § 7422 preempts claims that employers withheld too much for federal taxes. See id. at 68-69 (finding that appellant's unjust enrichment claim regarding her employer's wrongful collection of FICA taxes was preempted by § 7422); Kaucky v. Sw. Airlines Co., 109 F.3d 349, 351-52 (7th Cir. 1997) (explaining that a suit brought against an employer for withholding payroll taxes amounts to a suit for a refund under § 7422(a)); Burda v. M. Ecker Co., 954 F.2d 434, 438–39 (7th Cir. 1992) (applying rule to challenge to execution of settlement agreement). Wiggins' breach of contract claim is thus preempted by § 7422.

Rather than suing his employer, § 7422 required Wiggins to file a claim for refund or credit with the IRS and then, if necessary, to sue the United States.[6] See 26 U.S.C. § 7422(a) & (f)(1) ("A suit or proceeding referred to in subsection (a) may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative."); see also Kaucky, 109 F.3d at 351 (explaining an employer who withholds payroll taxes "corresponds to an employee of the [IRS]" for purposes of § 7422). Because Wiggins' complaint does not

---

[6] In his brief submitted to this Court, Wiggins asserts that he has now filed his tax return for 2023 and did not receive his refund because it was applied to what he already owes. Even if that can satisfy § 7422(a) at this point in the litigation (about which we express no opinion), Wiggins nevertheless sued the incorrect defendant. See § 7422(f)(1).

4

conform to the restrictions imposed by § 7422 on tax refund suits, the District Court

properly dismissed it.[7]

Wiggins also fails to state a fraud claim.[8] To survive dismissal, a complaint must

set out "sufficient factual matter" to show that its claims are facially plausible. Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff asserting a claim for fraudulent

misrepresentation must allege facts which demonstrate "(1) a misrepresentation, (2) a

fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby

be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation and

(5) damage to the recipient as the proximate result." Petruska v. Gannon Univ., 462 F.3d

294, 310 (3d Cir. 2006) (quoting Martin v. Lancaster Battery Co., 606 A.2d 444, 448 (Pa.

1992)). Wiggins asserts that the Jefferson attorney's statement that "the taxes were

withheld in accordance with tax regulations" amounts to fraudulent misrepresentation.

However, taking as true his assertion that the statement was false, see Curry, 835 F.3d at

377, his complaint still fails to allege any reliance, justifiable or otherwise, on that

statement. To the contrary, he explains that he immediately "rebutted" their statement by

---

[7] Our holding affirms the dismissal of the breach-of-contract claim against Jefferson because § 7422 preempts this state-law claim. But the dismissal of Wiggins's state-law claim does not prevent the filing of a refund claim against the United States, about which we express no opinion. See Berera v. Mesa Med. Grp., PLLC, 779 F.3d 352, 360 n.10 (6th Cir. 2015).

[8] It is not clear from Wiggins' complaint whether he intended this as a separate claim from his tort claim. He raises the tort claim in a separate section of the complaint from his fraud claim but does not specify any relevant elements or underlying facts for the tort claim and discusses it only in the context of justifying his demand for punitive damages. To the extent the tort claim was meant to stand alone, it failed to state a claim.

sending them an email "showing what the correct numbers should have been." Complaint

at 3. Because he fails to state this required element, he has failed to state a claim for

fraudulent misrepresentation. See Hvizdak v. Linn, 190 A.3d 1213, 1226 n.4 (Pa. Super.

Ct. 2018).

In view of the above, we will affirm the District Court's judgment.[9]

---

[9] In its brief, Jefferson asks for damages against Wiggins for filing a frivolous appeal under Fed. R. App. P. 38. However, Rule 38 requires a separately filed motion for this purpose because "[a] statement inserted in a party's brief that the party moves for sanctions is not sufficient notice." Fed. R. App. P. 38 advisory committee's note to the 1994 amendments. While Rule 38 gives us discretion to give notice to Wiggins ourselves, we decline to do so because we disagree with Jefferson's contention that this appeal is frivolous.