[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12353
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 6, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00302-CV-T-26-TGW

DONNA HAND, individually and as
personal representative of
Opal O. Hand's estate,

Plaintiff-Appellant,

JOHN KEITH HAND, individually
as son of Opal Hand,
JULIE A. HAND, individually
as daughter of Opal Hand,

Plaintiffs,

versus

CARGILL FERTILIZER, INC.,
a.k.a. Gardinier Inc.,
a.k.a. East Tampa Chemical Plant,
a.k.a. U.S. Phosphoric,
CARGILL, INC., parent company
of Cargill Fertilizer, Inc.,
CARGILL FERTILIZER, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(December 6, 2005)

Before ANDERSON, BIRCH  and PRYOR, Circuit Judges.

PER CURIAM:

Donna Hand, John Keith Hand, and Julie A. Hand, proceeding pro se, appeal

the dismissal of their complaint against Cargill Fertilizer, Inc., Cargill, Inc., and

Cargill Fertilizer, LLC (collectively Cargill), for the wrongful death of Opal Hand

from radiation exposure.  Because the district court correctly concluded that the

claims of the Hands were preempted by federal law and their complaint failed to

state a claim under the Price-Anderson Act, we affirm the dismissal of their

complaint.

## I.  BACKGROUND

The Hands sued Cargill in Florida state court and alleged that Opal Hand

died from leukemia caused by exposure to radiation from the clothing of her

husband, Leon Joel Hand, who was employed at an uranium extraction plant of

Cargill.  Cargill removed the action to federal court on the ground that the

complaint was preempted by the Price-Anderson Act and the federal courts had

exclusive jurisdiction.  See 42 U.S.C. §§ 2014(hh), 2210(n)(2).  Cargill also moved

2

to dismiss the complaint for failure to state a claim. The Hands moved to remand the action to state court and opposed Cargill's motion to dismiss.

The district court ruled that the Hands' claims were preempted by the Price-Anderson Act and dismissed the complaint "without prejudice to allowing [the plaintiffs] an opportunity to amend." The district court granted the Hands 17 days until April 8, 2005, to amend their complaint, after which the complaint, if not amended, would be dismissed with prejudice. Because the Hands did not amend their complaint within the time allowed by the district court, the order of dismissal without prejudice became final on April 8, 2005. See Briehler v. City of Miami, 926 F.2d 1001, 1003 (11th Cir. 1991). The district court entered another order declaring the case dismissed with prejudice on April 12, 2005, and entered judgment for Cargill on April 13, 2005.

## II. STANDARD OF REVIEW

We review the denial of a motion to remand de novo. Valdivieso v. Atlas Air., Inc., 305 F.3d 1283, 1284 (11th Cir. 2002). We also review the dismissal of a complaint for failure to state a claim de novo. Silva v. Bieluch, 351 F.3d 1045, 1046 (11th Cir. 2003).

## III. DISCUSSION

The Hands make three arguments on appeal: (1) the district court erred

3

when it denied their motion for remand; (2) the district court abused its discretion when it dismissed the complaint with prejudice; and (3) the district court erred when it did not require Cargill to answer the complaint. We address each argument in turn.

*A. The District Court Correctly Denied the Motion to Remand.*

The Hands argue both that the notice of removal of their case to federal court was untimely and the removal was improper. Both arguments fail. Cargill timely removed this action to federal court, which had exclusive jurisdiction over the Hands' complaint.

As to the issue of timeliness, a civil action may be removed to federal court within thirty days of service of process on the defendant. See 28 U.S.C. § 1446(b). The 30-day time for removal "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999). The record shows that the Hands served Cargill with a summons and complaint approximately three months after the Hands filed their complaint in state court. Because Cargill filed the notice of removal within 30 days of their receipt of the summons and

complaint, the notice of removal was timely under section 1446(b).

The removal also was proper.  As the Hands concede, their complaint against Cargill arises under the Price-Anderson Act.  The federal courts have exclusive jurisdiction over actions arising under the Price-Anderson Act.  42 U.S.C. § 2210(n)(2); see Roberts v. Florida Power & Light Co., 146 F.3d 1305, 1308 (11th Cir. 1998).

### B.  The District Court Correctly Dismissed the Complaint for Failure to State a Claim.

The Hands allege that Opal Hand was injured from exposure to radiation from the  uranium extraction plant of Cargill.  To state a claim of negligence for public liability injury under the Price-Anderson Act, the complaint had to allege "exposure to radiation in excess of the permissible 'dosage' levels set by federal regulation."  Roberts, 146 F.3d at 1307.  The Hands' complaint failed to allege that Opal was exposed to radiation in excess of the dosage levels set by federal regulation.  The complaint alleged, at most, that Cargill neglected to monitor the exposure limits at its facility, but this allegation was insufficient to establish liability.

Because the complaint failed to state a claim under Federal Rule of Procedure 12(b)(6), the district court correctly dismissed the complaint, without prejudice, and granted the Hands leave to amend.  The dismissal became final

5

when the Hands failed to amend their complaint within the time allowed.  See Briehler, 926 F.2d at 1003.  When the Hands filed their notice of appeal, they "wiave[d] the right to later amend" their complaint.  Id.

The Hands argue the district court abused its discretion when it dismissed their complaint.  The Hands argue that, under Federal Rule of Civil Procedure 41(b), the district court was required to find that the failure to amend the complaint was willful or that a lesser sanction than dismissal would not suffice.  The Hands would be correct if the district court had dismissed the complaint under Rule 41(b), but the dismissal of the Hands' complaint was based on their failure to state a claim under Rule 12(b)(6), not their failure to amend.  The dismissal was not a sanction.  The district court was not required to find willful noncompliance or that a lesser sanction would not suffice.

If, as the Hands allege, they did not receive the order of the district court that granted them leave to file an amended complaint within 17 days, then the Hands should have moved the district court to set aside the dismissal and permit them to file an amended complaint.  Because the Hands did not move the district court to set aside the dismissal and permit them to file an amended complaint, we are unable to consider their arguments, raised for the first time on appeal, that their failure to amend their complaint was excusable.  See Wright v. Hanna Steel Corp.,

270 F.3d 1336, 1342 (11th Cir. 2001).

### C. *Cargill Was Not Required to File an Answer to the Complaint.*

Finally, the Hands assert that the district court should have required Cargill to file an answer to their complaint. The Hands argue that Federal Rule of Civil Procedure 81(c) required Cargill to file an answer within either 5 days of the date of removal or 20 days from the date of service, whichever was later. The Hands misread Rule 81. Rule 81 provides the defendant "shall answer <u>or present the other defenses or objections available under these rules</u>." Fed. R. Civ. P. 81(c) (emphasis added). The motion to dismiss, which was filed by Cargill five business days after the notice of removal, satisfied the obligation of Cargill under Rule 81. <u>See</u> Fed. R. Civ. P. 12(b)(6), 81(c).

## IV. CONCLUSION

Because the Hands' complaint was preempted by the Price-Anderson Act and exclusive jurisdiction rested in the federal courts, the district court did not err when it denied the Hands' motion for remand. The district court also correctly dismissed the Hands' complaint for failure to state a claim upon which relief could be granted.

**AFFIRMED.**