[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12542
Non-Argument Calendar
_____

D. C. Docket No. 04-00850-CV-F-N

BERNICE MCREYNOLDS,
as Mother and next friend of D.M.,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF YOUTH SERVICES,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(October 30, 2006)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Bernice McReynolds, as mother and next friend of her son D.M., filed a complaint in the district court alleging that the Alabama Department of Youth Services, administrators, and several guards violated a number of state and federal laws and her son's constitutional rights. The defendants filed a motion to dismiss the entirety of claims for failure to state a claim, and the district court granted the motion. McReynolds now appeals the dismissal of the 42 U.S.C. § 1983 claim based on Eighth Amendment claims brought against guards, Billy Ray Cox, James Daniel, Robert Howard, and Emerson Moore. She also appeals the dismissal of the 42 U.S.C. § 1983 claim based on the Fourteenth Amendment brought generally against the defendants and specifically against administrators, J. Walter Wood, Jr., Janice Coles, and Derrick Bolling. After reviewing the parties' briefs and the record, we reverse the dismissal of the claims based on excessive force.

## BACKGROUND

The relevant facts of this case, as alleged by McReynolds, are as follows. While D.M. was in custody of the Alabama Department of Youth Services and held at the Mt. Meigs Juvenile Detention Complex, he suffered injuries after being beaten by guards. The alleged altercation began after the minor requested complaint forms from unit staff, defendant Emerson Moore. This was not the first time the minor

2

had trouble with Moore. The minor had previously filed a complaint against Moore, which resulted in Moore's suspension. The minor wanted to make another complaint about Moore for depriving him of recreation time. Moore refused to provide the complaint forms and summoned three guards, defendants Daniel, Howard, and Cox. After removing the minor's mattress, the guards asked the minor to remove his clothes. When the minor refused, Daniel hit him in the back of the legs with a nightstick causing him to fall to the ground. While on the ground, Howard held the minor while Daniel removed his clothing from the lower half of his body. Cox attempted to remove his shirt, but the minor held onto the garment. Cox then repeatedly struck the minor in the head with a nightstick. On the third blow, blood began to "gush out" of the minor's head; nevertheless, Cox continued to strike the minor until stopped by Daniel. Moore watched the attack but did not attempt to prevent it. The minor was taken to a hospital for treatment of the head wound. He received eleven stitches–one internal and ten external. These stitches were later removed at the Meigs facility.

The plaintiff further alleges that guards routinely assaulted students at Meigs. The staff also permitted students to physically assault other students that the staff members disliked. The minor made at least three complaints about the treatment he received at Meigs to the Director of Institutional Services, G. Wayne Booker.

3

## STANDARD OF REVIEW

We review *de novo* the dismissal of a complaint for failure to state a claim. *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003). When considering a Rule 12(b)(6) motion to dismiss, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiffs. *See Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir.1998), *cert. denied*, 525 U.S. 1139, 119 S.Ct. 1027, 143 L.Ed.2d 38 (1999). Such a motion should be granted only if "it appears beyond doubt that the plaintiffs can prove no set of facts in support of their allegations which would entitled them to relief." *Id.* At this stage, we do not seek to determine whether the plaintiff will prevail on his claims, "but whether the allegations are sufficient to allow them to conduct discovery in attempt to prove their allegations." *Jackam v. Hospital Corp. of America Mideast, Ltd.* 800 F.2d 1577, 1579 (11th Cir. 1986).

## DISCUSSION

McReynolds asserts that the minor's Eighth Amendment constitutional rights were violated by the defendant guards' use of excessive force and their denial of medical treatment. She further asserts that his Fourteenth Amendment rights were denied by the defendant administrators. Defendants argue that McReynolds has not alleged an Eighth or Fourteenth amendment constitutional violation, and that they are protected from liability by qualified immunity.

Qualified Immunity

Qualified Immunity protects government officials from suits as individuals for discretionary functions performed in their official capacity. *See Cottone*, 326 F.3d at 1357. However, such immunity is removed when a plaintiff establishes that a clearly established constitutional right has been violated. *See id.* When the constitutional violation is excessive force in violation of the Eighth amendment, qualified immunity is an unavailable defense because the use of malicious and sadistic use of force to cause harm is a clear violation of the Constitution and Supreme Court precedent. *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002). Therefore if McReynolds has alleged facts sufficient to make out a violation of the Eighth Amendment, this claim will survive the motion to dismiss.

Excessive Force

The Eighth Amendment ban on cruel and unusual punishment protects prisoners from punishment involving "the unnecessary and wanton infliction of pain [and] the imposition of pain totally without penalogical justification." *Evans v. Dugger*, 908 F.2d 801, 803 (11th Cir. 1990). When prison guards use force in the context of a security measure, the issue ultimately turns on "whether force was applied in good effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-321, 106 S.Ct. 1078, 85 L.Ed.2d 251(1986) (quoting *Johnson v. Glick*, 481

5

F.2d 1028, 1033 (2d Cir. 1973)).  To establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm and (2) that more than a de minimis injury resulted.  *See Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002).

In determining whether malicious and sadistic intent existed, "a variety of factors are considered including: 'the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.'" *Skrtich*, 280 F.3d at 1300 (quoting *Hudson v. McMillian*, 503 U.S. 1, 7-8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).   While wide-ranging deference is given to officers' choices when faced with a security risk, *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999), it is also well establish that officers cannot continue the use of force once the threat has passed or the prisoner is subdued.  *See Skrtich*, 280 F.3d at 1303. Liability can also be imposed on prison guards present at the scene for failure to take reasonable steps to prevent excessive force by other guards.  *Id.* at 1301.

When viewed in a light most favorable to her, McReynolds has made sufficient allegations to allow the inference of malicious and sadistic intent. She alleges that the minor had previously made complaints about Moore which resulted in Moore being suspended from duty.  When the minor attempted to make a further

6

complaint, Moore summoned the guards. McReynolds further alleges that force was unnecessary because the minor was neither disruptive nor a threat to staff or other inmates. During the assault, at least one defendant continued to strike the minor after he was injured. In addition, McReynolds alleges that one of the defendants made statements indicating that he derived pleasure from assailing the minor. These claims are sufficient to allege that the guards had a malicious and sadistic intent.

The minor's injuries were not de minimis. Contrary to the appellee's suggestion, multiple injuries or permanent injuries are not necessary to establish an excessive force claim. While our cases have found de minimis injury where there was no injury or only minor discomfort,[1] the minor's injuries are certainly severe enough to overcome this low standard. The laceration to his head required a hospital visit and eleven stitches. This is certainly not a de minimis injury. McReynolds has alleged both elements necessary for a claim of excessive force in violation of the Eighth Amendment.

---

[1] Cases finding de minimis harm include *Crosby v. Monroe County*, 394 F.3d 1328 (11th Cir. 2004) (foot in the face causing no injury); *Nolin v. Isbell,* 207 F.3d 1253, 1255 (11th Cir. 2000) (grabbed plaintiff and shoved him a few feet against vehicle, pushed knee in back and head against van, and handcuffed him); *Gold v. City of Miami,* 121 F.3d 1442, 1444 (11th Cir. 1997) (handcuffed too tightly and too long); *Jones v. City of Dothan,* 121 F.3d 1456, 1458 (11th Cir. 1997) (slammed plaintiff against the wall, kicked his legs apart and required plaintiff to raise hands above head as officers carried out arrest); *Post v. City of Fort Lauderdale,* 7 F.3d 1552, 1556 (11th Cir.1993) (pushed plaintiff against wall while handcuffed), *modified,* 14 F.3d 583 (11th Cir.1994); *see also Lee v. Ferraro,* 284 F.3d 1188, 1199-1200 (11th Cir. 2002) (discussing these de minimis force cases).

CONCLUSION

Upon review of the record and parties' briefs, we find that the district court properly dismissed the claims based on the Fourteenth Amendment. However, when viewing the allegations in the complaint as true, and construing them in the light most favorable to the plaintiff, McReynolds makes a claim for excessive force in violation of the Eighth Amendment. Accordingly, the decision of the district court is hereby AFFIRMED in part, and REVERSED in part, and REMANDED to the district court for further proceedings on the merits with regard to the claims against defendants Cox, Howard, Daniel and Moore.