[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13911

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 11, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00374-CV-J-32-HTS

SANDY S. TRENT, et al,
on behalf of themselves and all others similarly
situated,

Plaintiffs,

SARALEY INEZ MEISMER,
ANDREW TURNER,
RICO TAYLOR,
FRANCES PULLINS,
on behalf of themselves and all others similarly
situated,

Plaintiffs-Appellants,

versus

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
a.k.a. MERS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(July 11, 2008)**

Before EDMONDSON, Chief Judge, PRYOR, Circuit Judge, and JOHNSON,[*]
District Judge.

PER CURIAM:

Saraley Inez Meismer, Andrew Turner, Rico Taylor, and Frances Pullins,

debtors who defaulted on their mortgage debts, appeal the dismissal of their

putative class action for failure to state a claim. The debtors argue that Mortgage

Electronic Registration Systems, Inc., violated the Florida Consumer Collection

Practices Act, Fla. Stat. §§ 559.55–559.785, and the Florida Deceptive and Unfair

Trade Practices Act, Fla. Stat. §§ 501.201–501.23. The debtors complain that

Mortgage Systems sent them deceptive notices, which described Mortgage

Systems as a "creditor," and Mortgage Systems filed foreclosure actions against

the debtors' property without legal authority. We affirm.

We review de novo the dismissal of a complaint for failure to state a claim.

Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007)

---

[*]Honorable Inge P. Johnson, United States District Judge for the Northern District of
Alabama, sitting by designation.

(citing Roberts v. Fla. Power & Light Co., 146 F.3d 1305, 1307 (11th Cir. 1998)). We accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Id.

The debtors argue that Mortgage Systems sent them deceptive notices that violated section 559.72(9) of the Collection Act. The debtors argue that the notice misidentified Mortgage Systems as their "creditor." The debtors also contend that the district court should have applied the least-sophisticated-debtor standard to determine whether these notices were misleading. These arguments fail.

Under the mortgage contracts, Mortgage Systems has the legal right to foreclose on the debtors' property. Mortgage Systems is the mortgagee. The notices sent to the debtors restated information from the mortgage contracts and were not likely to mislead even the least-sophisticated debtor. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175–76 (11th Cir. 1985).

The debtors also argue that Mortgage Systems violated the Collection Act when it filed foreclosure actions against them, but this argument also fails. Even if it engaged in "debt collection activities" under the Collection Act, Mortgage Systems did not violate section 559.72(9), because Mortgage Systems has the authority to file foreclosure actions. Mortgage Elec. Registration Sys., Inc. v. Revoredo, 955 So. 2d 33, 34 (Fla. Dist. Ct. App. 2007); Mortgage Elec.

3

Registration Sys., Inc. v. Azize, 965 So. 2d 151,153–54 (Fla. Dist. Ct. App. 2007).

Florida law also provides post-litigation immunity for any foreclosure action filed

by Mortgage Systems. Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,

950 So.2d 380, 384 (Fla. 2007).

The dismissal of the debtors' complaint is

**AFFIRMED**.