[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 2, 2011
JOHN LEY
CLERK

_____

No. 10-12816
Non-Argument Calendar

_____

D.C. Docket No. 1:06-cv-02125-RGV

LYSA JONES,
LAWRENCE LYLE,
a.k.a. Larry,
REGINA ELNER,

Plaintiffs - Appellants,

versus

FULTON COUNTY, GEORGIA,
ROBERT TAYLOR,
Director, Department of Information Technology,
DANNY TROUTMAN,
Deputy Director of the Department of
Information Technology,
SALEEM SAYANI,
CJI's Assistant Director,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 2, 2011)

Before EDMONDSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Lysa Jones, Regina Elner, and Lawrence Lyle appeal the grant of summary judgment on their claims of race discrimination, gender discrimination, and retaliation under Title VII, 42 U.S.C. §§ 2000e-2(a), 3(a), 42 U.S.C. § 1981, and 42 U.S.C. § 1983.[1] No reversible error has been shown; we affirm.[2]

Plaintiffs, who were employed in the Fulton County Information Technology department, filed a complaint against Fulton County and Robert Taylor, Danny Troutman, and Saleem Sayani, all supervisors in the IT department. Plaintiffs alleged many discriminatory and retaliatory employment practices by Defendants.

Jones argues that the district court erred in granting summary judgment to Fulton County on her section 1983 gender discrimination claim based on her non-

---

[1]Section 1983 is the exclusive remedy against state actors for violations of the rights contained in section 1981. Jett v. Dallas Indep. Sch. Dist., 109 S.Ct. 2702, 2722 (1989). So, Plaintiffs' section 1981 claims merge into their section 1983 claims. In addition, claims under Title VII and section 1983 employ the same analytical framework. See Koch v. Rugg, 221 F.3d 1283, 1297 n.31 (11th Cir. 2000).

[2]We review de novo the district court's grant of summary judgment. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007). And we view the evidence in the light most favorable to the non-moving party. Id.

selection for a deputy director position. The district court determined that Taylor, who selected another applicant for the deputy director position, was not a final policymaker for the County.[3] Jones contends that, because the County did not argue this reason in their summary judgment motion, the district court should not have considered it.

The district court made no error in granting summary judgment on the non-selection claim. It is true that the County did not argue, as a reason to grant summary judgment on the non-selection claim, that Taylor was not a final policymaker. But a district court has the power to enter summary judgment sua sponte. Burton v. City of Belle Glade, 178 F.3d 1175, 1203 (11th Cir. 1999). In general, the losing party must be provided with sufficient notice to afford that party an opportunity to demonstrate why summary judgment should not be granted. Id. at 1204.

But formal notice may not be necessary where a legal issue has been fully developed and the evidentiary record is complete. Artistic Entm't, Inc., v. City of Warner Robbins, 331 F.3d 1196, 1201-02 (11th Cir. 2003). Whether a party is a

---

[3]For a municipality to be subject to section 1983 liability, the complained-of discrimination must be a custom or policy of the governmental entity; and only an officer with final policymaking authority may subject the municipality to section 1983 liability. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994).

final policymaker is a question of law. Doe v. Sch. Bd. of Broward County, Florida, 604 F.3d 1248, 1264 (11th Cir. 2010). And here, that Jones could have appealed her non-selection through the County's grievance review process is undisputed.[4]

Moreover, although Jones argues on appeal that different evidence was necessary to determine whether Taylor was a final policymaker for each of the alleged acts she complained of, she does not illustrate her point or identify any relevant evidence undermining the district court's conclusion that Taylor was not a final policymaker. See Restigouche, Inc. v. Town of Jupiter, 59 F.3d 1208, 1213 (11th Cir. 1995) (where an appellant failed to marshal facts and arguments that would have precluded summary judgment, any violation of summary judgment notice was harmless).

Jones and Elner both argue that the district court erred in granting summary judgment on their claims for discriminatory and retaliatory termination because they could not show that the County's reasons for terminating them were pretextual. Because this case is a circumstantial evidence case, the burden-shifting

---

[4]And even still, the County did argue that Taylor was not the final policymaker on many of Jones's other claims about acts taken against her; thus, Jones had some notice that she needed to present pertinent evidence or argument controverting the final policymaker assertion. Jones failed to challenge this assertion in her response to the County's summary judgment motion.

framework established in <u>McDonnell Douglas Corp. v. Green</u>, 93 S.Ct. 1817 (1973), applies. Under this framework, when an employer offers legitimate, nondiscriminatory reasons for an alleged discriminatory or retaliatory termination, plaintiff must then prove that the reason offered was a mere pretext for an illegal motive. <u>Id.</u> at 1824-25. If the reason offered by defendant is one that might motivate a reasonable employer, then plaintiff "must meet that reason head on and rebut it." <u>Chapman v. AI Transp.</u>, 229 F.3d 1012, 1030 (11th Cir. 2000).

The County asserted that Troutman recommended Jones's termination because of poor job performance, particularly on the implementation of a new tax system. To show pretext, Jones simply argues that she was not responsible for the tax system to "go live" and asserts that she did everything she could to manage the project. Jones cannot establish pretext merely because she believed that she was performing her job well. <u>See Holifield v. Reno</u>, 115 F.3d 1555, 1565 (11th Cir. 1997) (explaining that the pretext inquiry is about the employer's perception of plaintiff's performance, not the employee's own perceptions). Even when the facts are viewed in the light most favorable to her, Jones was the manager responsible for implementing the system; and she cannot show pretext because her employer chose to hold her responsible when that implementation failed. <u>See</u> <u>Chapman</u>, 229 F.3d at 1030 (noting that plaintiff cannot establish pretext by

5

questioning the wisdom of her employer's reason as long as the reason is one that might motivate a reasonable employer).

About Elner, her supervisor, Sayani, testified that he was upset with Elner's performance in an incident involving a video arraignment system: Elner gave the judge the impression that the system was not functioning properly when it was and she did not follow the proper help desk procedures for handling such situations. After this incident, Elner was terminated.

Elner has not presented sufficient evidence to show that the criticisms of her performance during the courtroom incident were a pretext for either discrimination or retaliation. While Elner's deposition testimony raises a question about the correctness of the facts underlying Sayani's and Taylor's criticisms of her performance, it does not show that they did not honestly believe that she had attempted to fix equipment with which she was unfamiliar or that she had failed to follow proper procedures by notifying the help desk. Her testimony is insufficient to establish pretext. See Elrod v. Sears, Roebuck and Co., 939 F.2d 1466, 1470 (11th Cir. 1991) (explaining that plaintiff cannot create a triable pretext issue by raising a question about the correctness of the facts underlying an employer's explanation without impugning the employer's honest belief that those facts are true).

Even if Elner had established pretext about the courtroom incident, she still would not be entitled to summary judgment unless she established that all of Defendants' proffered reasons were pretextual. See Chapman, 229 F.3d at 1037 (if the employer offers more than one legitimate, non-discriminatory reason, plaintiff must rebut each of those reasons to survive summary judgment). Both Taylor and Sayani testified that the courtroom incident was merely the last in a long line of performance problems. On appeal, Elner has done nothing -- other than offer conclusory allegations -- to show pretext. See Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376 (11th Cir. 1996).

Plaintiff Lyle argues that the district court erred in granting summary judgment on his claim that he was suspended in retaliation for engaging in protected activity because he failed to establish a causal connection between his suspension and any protected activity. To establish a prima facie case of retaliation, Lyle had to show that (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse employment act; and (3) the adverse employment act was causally related to his protected activity. Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1277 (11th Cir. 2008).

Lyle participated in a group complaint against Taylor. But this complaint was not filed with the Equal Employment Opportunity Commission and, thus, was

not covered by Title VII's participation clause. EEOC v. Total Sys. Servs., Inc., 221 F.3d 1171, 1174 (11th Cir. 2000) (Title VII's participation clause only applies to activities that occur in conjunction with or after the filing of a formal charge with the EEOC).[5] Even if Lyle's group complaint constituted protected conduct under Title VII's opposition clause -- which serves to protect activity that occurs before the filing of a formal charge with the EEOC -- he cannot show a causal connection between that complaint and his suspension.

Lyle cannot show a connection based on temporal proximity because almost seven months separated his group complaint from his suspension. See Higdon v. Jackson, 393 F.3d 1211, 1220-21 (11th Cir. 2004) (explaining that a three-month interval between protected activity and adverse act, standing alone, is too long to establish an inference of retaliation). Lyle may establish the requisite causal connection through evidence that his employer knew of a protected activity and that a series of adverse employment acts commenced almost immediately thereafter. Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1457 (11th Cir. 1998). But intervening retaliatory acts must be material (or substantial) to be considered. See Burlington N. & Santa Fe Ry. Co. v. White, 126 S.Ct. 2405,

---

[5]Lyle's charge made to the EEOC occurred after his suspension; so this complaint cannot be causally connected to his suspension.

8

2414-15 (2006). And here, the acts Lyle complained of -- including being asked to write reports without the necessary resources and time to do so, being asked to account for his time in another employee's office, and being threatened with discipline for the time spent in the employee's office -- are insufficiently substantial; these acts would not prevent a reasonable employee from making or supporting a charge of discrimination. Id. at 2415.

In sum, Plaintiffs fail to show error in the district court's grant of summary judgment to Defendants; and we affirm.

AFFIRMED.