**Sonia LECOUNTE, Plaintiff,**

v.

**CITY OF MIAMI BEACH, Defendant.**

**Case No. 15–24277–CIV–WILLIAMS**

United States District Court,
S.D. Florida.

Signed February 23, 2016

---

Darren Jeffery Rousso, Darren J. Rousso, P.A., Miami, FL, for Plaintiff.

Robert F. Rosenwald, Jr., City of Miami Beach, Miami Beach, FL, for Defendant.

### *ORDER*

KATHLEEN M. WILLIAMS,
UNITED STATES DISTRICT JUDGE

**THIS MATTER** is before the Court on Defendant's motion to dismiss (DE 11), to which Plaintiff filed a response (DE 20), and Defendant filed a reply (DE 21).

## I.  BACKGROUND

Plaintiff brought this action against the City of Miami Beach (the "City") alleging violations of Title VII of the Civil Rights Act, the Florida Civil Rights Act, and 42 U.S.C. § 1981.  Plaintiff is an African

American woman who was hired by the City in May of 1994. (DE 1 ¶ 11). In March of 2014, Linda Blanco, a Hispanic female, became Plaintiff's direct supervisor. (DE 1 ¶ 13). According to Plaintiff, Blanco regularly addressed Plaintiff in a racially demeaning and derogatory manner, intentionally excluded Plaintiff from interoffice communications, systematically stripped Plaintiff of her job duties and responsibilities, and intentionally obstructed and sabotaged Plaintiff's work in an effort to get Plaintiff fired. (DE 1 ¶ 13, 31). Plaintiff also alleges she was subjected to "daily verbal confrontations initiated by Blanco" and "threats of discipline if Plaintiff contacted Human Resources." (DE 1 ¶ 31).

In early March of 2014, Plaintiff verbally complained about Blanco's discriminatory behavior to her director, Mariano Fernandez, and requested to be transferred so that she would not be under Blanco's supervision. (DE 1 ¶ 14). Plaintiff's request for a transfer was denied and on March 27, 2014, Plaintiff sent an email to her assistant director, Carlos Naumann, complaining about Blanco's discriminatory treatment. (DE 1 ¶ 14). That same day, Blanco advised Plaintiff that any direct contact with the City's human resources department would result in disciplinary action. (DE 1 ¶ 15). On March 28, 2014, Plaintiff sent a second email to Mariano Fernandez, advising of the need for EEOC intervention and stating that she believed that Blanco's conduct toward Plaintiff was racially motivated. (DE 1 ¶ 14). The City took no action in response to Plaintiff's complaints. (DE 1 ¶ 14).

Beginning in April of 2014, following Plaintiff's complaints, Blanco attempted to issue Plaintiff baseless "write ups," which Plaintiff refused to sign. (DE 1 ¶ 16).

Throughout her employment, Plaintiff was an above average employee who, prior to March of 2014, had received no formal disciplinary action from the City. (DE ¶ 12). Nonetheless, on May 22, 2014, Plaintiff was summoned to Mariano Fernandez's office and was advised that she was being terminated. (DE 1 ¶ 17). On June 13, 2014, Plaintiff filed a charge of discrimination with the EEOC alleging she had been discriminated against on the basis of her race and color and that the City had retaliated against her. (DE 1–2). In the charge, Plaintiff alleges that Blanco treated her differently than other similarly situated non-black employees. (DE 1–2).[1]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cnty.,* 999 F.2d 1508, 1510 (11th Cir.1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention,* 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.,* 146 F.3d 1305, 1307 (11th Cir. 1998). However, a court need not accept legal conclusion plead in the complaint as true. *See Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679, 129 S.Ct. 1937.

---

**1.** The Court considers the EEOC charge in analyzing Plaintiff's complaint because it was attached to the pleading. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Thus, although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289 (11th Cir.2007)(quoting *Twombly,* 550 U.S. at 545, 127 S.Ct. 1955).

## III. ANALYSIS

■ Plaintiff has brought the following claims against the City: (1) violation of Title VII, unlawful termination based on race; (2) violation of Title VII, hostile work environment based on race; (3) violation of 42 U.S.C. § 1981, discharge based on race; (4) violation of 42 U.S.C. § 1981, hostile work environment based on race; (5) retaliation in violation of Title VII; (6) retaliation in violation of 42 U.S.C. § 1981; (7) violation of the Florida Civil Rights Act of 1992, discharge based on race; (8) and retaliation in violation of the Florida Civil Rights Act of 1992. Defendant has moved to dismiss all of the claims on the grounds that Plaintiff has failed to plausibly state a claim. The Court finds that, although perhaps meager on details, Plaintiff has alleged sufficient facts to plausibly state a claim under Title VII and the Florida Civil Rights Act.[2] Plaintiff has alleged that she is a member of a protected class, that she was subject to adverse employment actions,[3] "daily verbal confrontations initiated by Blanco," exclusion from interoffice communications, a reduction of job duties and responsibilities, unnecessary disciplinary action, and ultimately termination. Plaintiff also alleged that she complained of the discrimination to her supervisors and informed them of her intent to file a complaint with the EEOC, and that she was terminated shortly after those complaints. Finally, Plaintiff alleges that other non-black employees were treated better than she was. These allegations are sufficient to plausibly state a claim under Title VII and the Florida Civil Rights Act.

■ Defendant correctly points out that Plaintiffs § 1981 claims for hostile work environment, discharge based on race, and retaliation must be brought pursuant to 42 U.S.C. § 1983. See *King v. Butts Cty. Ga.,* 576 Fed.Appx. 923, 930 (11th Cir.2014) (explaining that § 1983 "provides the exclusive remedy against state actors for violations of the rights contained in § 1981"). "For a municipality to be subject to section 1983 liability, the complained-of discrimination must be a custom or policy of the governmental entity; and only an officer with final policy-making authority may subject the municipality to section 1983 liability." *Jones v. Fulton Cty., Ga.,* 446 Fed.Appx. 187, 189 n. 3 (11th Cir.2011); *see also Booth v. Pasco Cty., Fla.,* No. 8:09–CV–02621–T–30, 2010 WL 2757209, at *11 (M.D.Fla. July 13, 2010) (explaining that claims filed under § 1983 for § 1981 claims have to allege that the violations stem from a widespread custom or policy); *Booth v. Pasco Cty., Fla.,* No. 8:09–CV–2621–T–30TBM, 2011 WL 611702, at *3 (M.D.Fla. Feb. 11, 2011); *Leath v. Hansell,* No.

---

**2.** The Court applies the same pleading standard and requirements when analyzing a claim under Title VII as it does for the Florida Civil Rights Act. *Harper v. Blockbuster Entm't Corp.,* 139 F.3d 1385, 1387 (11th Cir.1998).

**3.** The Court makes no determination that these actions are, in fact, materially adverse or sufficiently severe and pervasive so as to establish a hostile work environment.

**1302**

606CV896ORL19DAB, 2008 WL 151869, at *4 (M.D.Fla. Jan. 15, 2008); *Thornton v. City of St. Petersburg, Fla.,* No. 8:11–CV–2765–T–30TGW, 2012 WL 2087434, at *6 (M.D.Fla. June 8, 2012). Accordingly, under § 1983, a municipality may be held liable "only when the deprivation at issue was undertaken pursuant to city 'custom' or 'policy,' and not simply on the basis of *respondeat superior.*" *Brown v. City of Fort Lauderdale,* 923 F.2d 1474, 1479 (11th Cir.1991).

█ Plaintiff has failed to make any factual allegations showing that the complained of discrimination and retaliation were taken under color of law, pursuant to a city custom or policy, or that an official with final policymaking authority discriminated against her. In addition, Plaintiff has failed to identify what clearly established constitutional right she claims were violated. Moreover, Plaintiff failed to respond in any fashion to Defendant's arguments regarding her § 1981 claims. Consequently, the Court finds that Counts 3, 4, and 6 should be dismissed **WITHOUT PREJUDICE** for failure to state a plausible claim.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (DE 11) is **GRANTED IN PART AND DENIED IN PART.** Plaintiff's § 1981 claims are **DISMISSED WITHOUT PREJUDICE.** If Plaintiff wishes to pursue these claims, she must file an amended complaint within **10 days** of this Order. If Plaintiff chooses not to do so, this case will proceed on the original complaint as to Counts 1, 2, 5, 7 and 8.

**DONE AND ORDERED** in chambers in Miami, Florida, this *23rd* day of February, 2016.

